IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIZENY RODRIGUEZ SANCHEZ,

Plaintiff,

v.

SISTEMA UNIVERSITARIO ANA G. MENDEZ, et als.,

Defendants.

CIVIL NO. 13-1778 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On October 15, 2013, Plaintiff Mizeny Rodríguez Sánchez ("Rodríguez" or "Plaintiff") filed the present case against Defendants Sistema Universitario Ana G. Méndez, ("SUAGM"), Iris Berríos, Victoria de Jesús and unknown insurance companies (collectively, "Defendants"). Plaintiff alleged causes of action against her former employer under the Pregnancy Discrimination Act, as contained in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*; the Civil Rights Act of 1991, 42 U.S.C. 1981a, and several state laws. She also alleged damages flowing from Defendants' illegal actions in discriminating against her on the basis of sex and pregnancy and for retaliation. (Docket No. 1).

Before the Court now is Defendants' Motion to Dismiss (Docket No. 50), Plaintiff's opposition thereto, (Docket No. 55), and Defendants' reply to Plaintiff's opposition (Docket No. 58). For the following reasons, the Court **GRANTS** Defendants' Motion to Dismiss, and DISMISSES this case, WITHOUT PREJUDICE.

## STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); see also Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary."). Yet, in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See, Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Thus, a plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see, e.g. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

Mizeny Rodríguez Sánchez v. Sistema Universitario Ana G. Méndez, et al
Civil No. 13-1778 (CVR)
Opinion and Order
Page 3

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly and Iqbal. First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 129 S.Ct. at 1940. Yet, the court "need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 129 S.Ct. at 1950. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or whether dismissal under Rule 12(b)(6) is appropriate. Id.

**FACTS**

During February, 2011, Plaintiff began working for Defendant SUAGM as a Student Services Officer at the Health Sciences Department of Universidad del Turabo, which is part of SUAGM. Docket No. 1 at ¶ 21. This was a contract position, for a fixed term, with no expectation of continuity. Docket No. 50-1. The contract was renewed on several occasions. Id.

Plaintiff became pregnant in December 2011 and so notified Defendants. Id. at ¶ 26-27. In March, 2012, Plaintiff began experiencing unusual pain and discovered she had a mass in her placenta. Id. at ¶ 28-28. Plaintiff's doctors told her there was a risk of a

miscarriage and recommended rest, advice which she followed. Id. at ¶ 30-32. Plaintiff alleges she was not paid her salary or afforded any benefits after she went on leave. Id. at ¶ 37.

After Plaintiff gave birth in August, 2012, Plaintiff avers she tried to be reinstated to her job, but SUAGM failed to do so. Thus, on November 14, 2012, Plaintiff filed an administrative charge of sex and pregnancy discrimination against Defendants before the Anti Discrimination Unit and the Equal Employment Opportunity Commission ("EEOC"). Id. at ¶ 78.

After this, Defendants offered Plaintiff a position, but with substantially reduced duties. For instance, she would now answer the telephone and would attend students who came to the office while they waited to be attended by someone else, while in her previous position as Student Services Officer she would take on a series of faculty-related projects, coordinate activities and work on events that would last throughout the entire academic year. Id. at ¶ 85-86. Furthermore, the new position was only a three-month contract and stated that Defendants could discharge her without cause. Id. at ¶ 87.

Plaintiff did not accept the new position which was offered to her, and contends that Defendants' decision to terminate her and/or to not renew her contract for her old position was based on their motivation to discriminate against her on the basis of her pregnancy, in violation of the federal and local anti-discrimination statutes. Plaintiff further avers that, the position which was offered to her, constituted a demotion in retaliation against her for exercising her right to file a charge of discrimination against Defendants.

Defendants now come before the Court and request dismissal of this case based on recent First Circuit jurisprudence, where the Court had the opportunity to examine the exact same clause in question here in a case involving this very same Defendant.

At issue here is the contract that was signed between the parties, which contained a forum selection clause. Said clause stated that any dispute between the parties would be submitted before the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part. Therefore, Defendants posit, dismissal of the claims without prejudice is appropriate so Plaintiff can re-file her claims in that forum. Regarding Plaintiff's retaliations claims, Defendants argue that no exhaustion was made because she did not file them before the EEOC, and in any event, they too would be subject to the forum selection clause and must be dismissed.

Plaintiff responds that the contracts are null because they fail to comply with Puerto Rico law. She also claims the forum selection clause contains a condition precedent that must be met before the selection clause may be activated and SUAGM failed to do so; therefore, the clause is unenforceable. Regarding the retaliation claims, Plaintiff avers that it is reasonably related to her pregnancy discrimination claim, and therefore, dismissal is unwarranted.

**LEGAL ANALYSIS**

By virtue of Plaintiff's employment with Defendant SUAGM, she signed three (3) separate employment contracts in the case at bar. They all contained the same forum selection clause, which reads as follows:

>           THIRTEENTH: Any dispute which arises between the parties and which cannot be resolved or surmounted by constructive negotiations conducted in good faith between the parties shall be submitted to the jurisdiction and competence of the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part, for adjudication and resolution.

Docket No. 50, Exh. 1.

The Supreme Court established the litmus test for determining the validity of a forum selection clause in the case of M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907 (1972). The Court must determine: (1) whether the clause is mandatory or permissive; (2) the scope of the clause; and (3) whether there is some reason the presumption of enforceability should not apply. Indeed, "the forum clause should control absent a strong showing that it should be set aside," Bremen, 407 U.S. at 15, 92 S.Ct. 1907. As to the third requirement under Bremen, the presumption of enforceability, the Court listed four (4) grounds for finding a forum selection clause unenforceable:

(1)     the clause was the product of "fraud or overreaching," Id. at 15, 92 S.Ct. 1907;

(2)     "enforcement would be unreasonable and unjust," Id.;

(3)     proceedings "in the contractual forum will be so gravely difficult and inconvenient that [the party challenging the clause] will for all practical purposes be deprived of his day in court," Id. at 18, 92 S.Ct. 1907; or

(4)     "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," Id. at 15, 92 S.Ct. 1907.

Last year, the Court of Appeals for the First Circuit had the opportunity to examine in Claudio de León v. Sistema Universitario Ana G. Méndez, 775 F.3d 41 (1st Cir. 2014) the same clause, as in this case, in a case against Defendant SUAGM. There, as here, Plaintiff Claudio de León had signed a fixed-term contract with Defendant SUAGM, which contained the same forum selection clause as in this case. The First Circuit began its analysis with the distinction between mandatory and permissive forum selection clauses, and stated:

> Here, there is no doubt that the forum selection clause contained within the employment contracts is mandatory. The clause states that disputes "shall be submitted to the jurisdiction and competence of the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part," and it is axiomatic that the word "shall" has a mandatory connotation. See, e.g., Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 346, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005) (contrasting the discretionary word "may" with the mandatory word "shall"); Rivera, 575 F.3d at 17 n. 5 (including "shall" in a list of "typical mandatory terms"); *Black's Law Dictionary* 1585 (10th ed.2014) (defining "shall" to mean "[h]as a duty to; more broadly, is required to" and explaining that it is used to express "the mandatory sense that drafters typically intend").
>
> Claudio de León, 775 F.3d at 46-47.

As applied to the case of reference, the Court's holding turned on the second element, the reach of the clause, where it concluded as follows:

> According to Appellants, because the parties never engaged in constructive negotiations in good faith prior to Appellants filing suit, the mandatory forum selection clause was never triggered, and thus Appellants were free to file wherever they wanted.
>
> We reject this reading because such an interpretation leads to absurd results. In normal cases, plaintiffs initiate lawsuits and thus ordinarily have their choice of venue. See Atl. Marine, 134 S.Ct. at 581 ("Because plaintiffs are ordinarily allowed to select

>whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the 'plaintiff's venue privilege.'" (*quoting* Van Dusen v. Barrack, 376 U.S. 612, 635, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964))). The purpose of a forum selection clause, therefore, is, at least in part, to protect defendants and give them a voice as to where a dispute will be heard and resolved. See, e.g., Huffington v. T.C. Grp., LLC, 637 F.3d 18, 22-23 & n. 3 (1st Cir.2011); C. Pappas Co. v. E. & J. Gallo Winery, 565 F.Supp. 1015, 1018 (D.Mass.1983). If Appellants' interpretation were accepted, the forum selection clause would effectively be rendered meaningless...

Therefore, the First Circuit explicitly rejected Appellant's argument that the clause established a condition precedent that had to be met before the case could be filed. That is the same argument Plaintiff raises here, which the Court must also reject for the same reasons the First Circuit did.

Plaintiff posits that the instant case is distinguishable from Claudio de León because there, the First Circuit found that the good faith negotiations had occurred. The Court disagrees. While the First Circuit in Claudio de León nevertheless went on to analyze why the forum selection clause would have nevertheless applied[1] if it had accepted Appellants' reading of the clause with the condition precedent requirement, that was *after* they explicitly rejected Appellant's reading of the clause and concluded that the clause was mandatory. The First Circuit further held that, since the clause stated that it applied to "any dispute which arises between the parties", that it was applicable to the issues presented in that case, also discrimination claims. The Court likewise finds it is applicable here.

---

[1] Because in that case they had apparently engaged in good faith talks.

The final step in evaluating the clause involves asking "whether there is some reason the presumption of enforceability should not apply." Rafael Rodríguez Barril, Inc. v. Conbraco Indus., Inc., 619 F.3d 90, 93 (1st Cir.2010). A forum selection clause is "prima facie valid" and absent a "strong showing" by the resisting party that the clause is "'unreasonable' under the circumstances," it should not be set aside. Bremen, 407 U.S. at 10, 15, 92 S.Ct. 1907.

Plaintiff Rodríguez-Sánchez has presented no argument that the clause was obtained through fraud or overreaching, that its enforcement is unreasonable and unjust, that the proceedings in state court will deprive Plaintiff of her day in court, or that any public policy counters against enforcement of the clause. Instead, she alleges that the contracts are null because they contravene Puerto Rico law. Yet, this nullity argument does not overcome any of the aforementioned grounds for finding the clause inapplicable. See M/S Bremen, 407 U.S. at 17, 92 S.Ct. at 32 (explaining that the party arguing that a forum selection clause is inapplicable "bear[s] a heavy burden of proof"); In re Mercurio, 402 F.3d 62, 66 (1st Cir.2005) (recognizing the " 'heavy burden of proof' " to overcome a forum selection clause on inconvenience grounds (*quoting* Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)).

The nullity argument, which was brought before the Court for the first time in this case in Plaintiff's opposition to Defendants' Motion to Dismiss, is insufficient to defeat the strong presumption of validity that covers the forum selection clause in this case. The nullity argument will have to be raised by Plaintiff before the proper forum, to wit, the state court.

Mizeny Rodríguez Sánchez v. Sistema Universitario Ana G. Méndez, et al
Civil No. 13-1778 (CVR)
Opinion and Order
Page 10

Finally, regarding the retaliation claim, the Court finds that it must also be dismissed, because it is a dispute which arose "between the parties." It therefore falls within the forum selection clause and must be addressed by the state court. Whether or not it occurred as part of Plaintiff's employment, and whether it is jurisdictionally infirm for failure to exhaust administrative remedies, as alleged by Defendants, is also matter for the state court to resolve.

Thus, due to an applicable and enforceable forum selection clause, Defendants' Motion to Dismiss is GRANTED and this case is DISMISSED WITHOUT PREJUDICE.

**CONCLUSION**

For the aforementioned reasons, the Court GRANTS Defendants' Motion to Dismiss (Docket No. 50) and DISMISSES this case WITHOUT PREJUDICE to re-file in the appropriate forum.[2]

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 18th day of June, 2015.

                              S/CAMILLE L. VELEZ-RIVE
                              CAMILLE L. VELEZ RIVE
                              UNITED STATES MAGISTRATE JUDGE

---

[2] As recognized in Claudio de León, 775 F.3d at 49, the First Circuit has the practice for dismissals due to forum selection clauses to be dismissed without prejudice so the case may be re-filed in the appropriate forum. See, e.g., Huffington v. T.C. Group, LLC, 637 F.3d 18, 21 (1st Cir. 2011) (affirming the district court's dismissal of plaintiff's claims without prejudice, Fed.R.Civ.P. 12(b)(6), concluding that the forum selection clause encompassed his claims"); Rafael Rodríguez Barril, Inc. v. Conbraco Industries, Inc., 619 F.3d at 95 (affirming the district court's dismissal without prejudice under Rule 12(b)(6) due to a valid forum selection clause); Odishelidze v. Aetna Life & Cas. Co., 853 F.2d 21, 23 (1st Cir.1988) ("[The district court] also ordered the complaint dismissed 'for failure to plead a cognizable claim under federal jurisdiction' and noted that the dismissal was 'without prejudice of [plaintiff] filing another action in the proper local forum.' ").